**J. W. HUTSON, Plaintiff,**

v.

**M. L. SHACKELFORD, etc., Defendant.**

**No. CIV-2-74-59.**

United States District Court, E. D. Tennessee, Northeastern Division.

July 3, 1974.

William W. Hawkins, Kingsport, Tenn., for plaintiff.

Frank K. Moore, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441 (a), diversity action, 28 U.S.C. § 1332 (a)(1), for damages from allegedly outrageous conduct causing mental anguish, physical embarrassment and humiliation on the part of the defendant. The defendant moved for a dismissal[1] on the grounds that this Court lacks jurisdiction over the person of the defendant, Rule 12(b)(2), Federal Rules of Civil Procedure,[2] and the failure of the plaintiff to state a claim upon which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure.

The plaintiff has not stated a claim of outrageous conduct on which relief can be granted, *viz.*: " * * * One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. * * * " 1 Restatement of the Law (Second), Torts (2d) 71, § 46. However: " * * * Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' * * * " *Ibid.*, comment, at page 73. " * * * [M]ajor outrage is essential to the tort * * * ". *Ibid.*, at page 75. " * * * The rule stated * * * applies only where the emotional distress has in fact resulted, and where it is severe. * * * The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. * * * " *Ibid.*, at page 46(j.).

The plaintiff's claims are merely that as a result of action on the part of the defendant,[3] he suffered mental anguish, physical upset, embarrassment and humiliation, and the ruination of his good name and reputation. This fails to state a claim of outrageous conduct on which the plaintiff can be granted relief in this Court. As such proof would not survive a motion for a directed verdict, the Court concludes that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Under such circumstances, the complaint should be dismissed. Conley v. Gibson (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed. 2d 80, 84 (headnote 4).

The complaint of the plaintiff Mr. J. W. Hutson hereby is dismissed for failure to state a claim upon which relief can be granted. Judgment to such effect will enter. Rule 58(1), Federal Rules of Civil Procedure.

---

1. The plaintiff moved to strike the defendant's motion, on the ground that the defendant had failed to comply with local Rule 12 (a), relating to the necessity of filing a brief with authorities with such motion; and the plaintiff; himself, failed timely to file such a brief, although a brief was filed belatedly.

2. The defendant appears to have waived his reliance on this ground, having omitted all reference to it in his belatedly-filed brief with authorities.

3. Such action is alleged to have consisted in the defendant's advertising a contest, the second prize being a check for $200, which includes the legend that the check is valid only for the purchase of a sewing machine; that such check was cashed by a bank; and that the plaintiff was arrested as a result, taken to jail, and required to post bail.